UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| INTERNATIONAL-MATEX TANK TERMINALS, LLC | * * | CIVIL ACTION NO.:  19-cv-13270 |
| Plaintiff, | * * | |
| VERSUS | * * | JUDGE: |
| STOLT TANKERS, B.V., STOLT EFFORT, B.V., ISS MARINE SERVICES, INC., AND M/T STOLT EFFORT | * * * | MAG JUDGE: |
| Defendants | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, INTERNATIONAL-MATEX TANK TERMINALS, L.L.C., who respectfully brings suit against STOLT TANKERS, B.V., STOLT EFFORT, B.V., and ISS MARINE SERVICES, INC., *in personam*, and M/T STOLT EFFORT, *in rem*, and avers as follows:

### Parties

1.

Plaintiff, International-Matex Tank Terminals, L.L.C. ("IMTT"), is a limited liability company duly organized and existing under the laws of Delaware and registered to do and doing business in the State of Louisiana.

2.

*In personam* Defendant, Stolt Tankers, B.V. ("Stolt Tankers"), is a Netherlands corporation or other business entity and subsidiary of Stolt-Nielsen, Ltd. that may be served process through its registered agent in Louisiana, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

3.

*In personam* Defendant, Stolt Effort, B.V. ("Stolt Effort"), is a Netherlands corporation or other business entity and subsidiary of Stolt-Nielsen, Ltd. That may be served process through its registered agent in Louisiana, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

4.

*In personam* Defendant, ISS Marine Services, Inc. ("ISS"), is a California corporation and the United States affiliate of Inchcape Shipping Services Holdings, Ltd. that may be served process through its registered agent in Louisiana, Matthew Richard, 2450 Severn Avenue, Suite 108, Metairie, Louisiana 70001.

5.

*In rem* Defendant, tanker vessel M/T STOLT EFFORT, is a 580 ft. x 102 ft. x 52 ft. (24,495 gross ton) merchant vessel of the Cayman Islands, bearing Official No. 9178202, that can regularly be found within this District.

**Jurisdiction & Venue**

6.

This is a case of admiralty and maritime jurisdiction and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.  This action is a maritime tort claim, as contemplated by Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Admiralty and Maritime Rules of the Federal Rules of Civil Procedure.

7.

The amount in controversy exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs.

8.

Venue is proper under 28 U.S.C. § 1391(b), given that the events or omissions giving rise to this claim occurred within this District.

**Facts & Claim**

9.

On December 26, 2016 and at all relevant times, IMTT owned and operated a terminal facility located near mile 118.6 above Head of Passes on the left descending bank of the lower Mississippi River in St. Rose, Louisiana. The facility was comprised of various moorings and docks, including Dock 2.

10.

On December 26, 2016 and at all relevant times, Defendants Stolt Tankers, Stolt Effort, and ISS were the owners and/or operators of the tanker vessel M/T STOLT EFFORT.

11.

On December 26, 2016 at approximately 10:22 a.m. local time, the M/T STOLT EFFORT was inbound on the Mississippi River in the vicinity of IMTT's St. Rose terminal. As it proceeded upstream, the M/T STOLT EFFORT negligently approached Dock 2 of IMTT facility too closely and at an excessive rate of speed. The resultant wake pulled the properly moored Kirby Offshore Marine vessel docked at the IMTT facility, the M/V EVERGLADES, causing it to strike Dock 2, snapping IMTT's mooring lines, and damaging one of IMTT's dock arms.

12.

In order to mitigate any damages caused by Stolt Tankers, Stolt Effort and/or ISS, IMTT hired River Construction, Inc. ("River Construction") to disassemble, remove, and later re-install the dock arm. IMTT was forced to incur $28,736.14 in expenses as a result of River Construction's labor and equipment.

13.

Thereafter, IMTT retained North Wind Fabrication, Inc. ("North Wind") to clean and repair the damaged dock arm at a total cost to IMTT of $100,586.06, which was augmented by $27,100.00 in towing costs for Magnolia Fleet, L.L.C. to deliver the damaged dock arm to North Wind's Gulfport, Mississippi facility before returning it to IMTT's St. Rose facility.

14.

Additionally, IMTT was forced to allocate a substantial amount of in-house labor towards the repairs mentioned hereinabove.  Specifically, in addition to $8,000.00 in construction management costs, IMTT mechanics allocated over ninety-six (96) hours at a cost of $7,200.00 and IMTT engineers allocated over twenty (20) hours at a cost of $2,000.00. Notably, these burdensome expenses would have never materialized, but-for the negligence of Stolt Tankers, Stolt Effort, and/or ISS and the negligence and unseaworthiness of the M/T STOLT EFFORT.

15.

In sum, IMTT suffered damages, losses, and expenses in the amount of **$173,622.20** as a result of the December 26, 2016 wake damage, which was solely and proximately caused by the negligent failure of Stolt Tankers, Stolt Effort, and/or ISS to properly and safely navigate the M/T STOLT EFFORT, failure to avoid creating swells or suction that caused damage to the IMTT dock when it was struck by the properly moored vessel, negligent failure to properly maintain and/or equip the M/T STOLT EFFORT, unseaworthiness, lack of due care, lack of skill, and further acts that will be established and shown at trial.  Moreover, the aforesaid allision did not occur through any act, fault, or negligence on the part of either IMTT or the M/V EVERGLADES, which was safely and securely moored to Dock 2 at all relevant times.

16.

Pursuant to the rule of *The Pennsylvania*, 86 U.S. 125 (1873), the M/T STOLT EFFORT is presumed to be at fault for the incident, given her violation of rules designed to avoid collisions, including, *inter alia*, rules pertaining to safe speeds. *New Orleans Steamboat Co. v. M/T Hellespont Glory,* 562 F. Supp. 391, 393 (E.D. La. 1983) (citing *Shell Pipe Line Corp. v. M/T CYS ALLIANCE*, 1982 A.M.C. 389, 395 (E.D. La. 1981)).  Specifically, the M/T STOLT EFFORT violated the safe speed rule, Inland Rule 6, which requires every vessel to proceed "at a safe speed so she can take proper and effective action to avoid collision. In determining the safe speed, the vessel must consider various factors including visibility, traffic density, maneuverability, weather and sea conditions, and the vessel's draft in relation to the depth of the available water."

**WHEREFORE**, Plaintiff prays that this Complaint be deemed good and sufficient, and that:

i. Process in due form of the law and according to the Federal Rules of Civil Procedure issue against *in personam* Defendants, Stolt Tankers, B.V., Stolt Effort, B.V., and ISS Marine Services, Inc., directing them to appear and answer this Complaint within the delays provided by law;

ii. The Court, after due proceedings are had, enter judgment in favor of Plaintiff, International-Matex Tank Terminals, L.L.C. and against Stolt Tankers, B.V., Stolt Effort, B.V., and ISS Marine Services, Inc., *in personam*, in the full amount of Plaintiff's damages, together with interest, costs, and attorney's fees;

iii. Process in due form of the law and according to the Federal Rules of Civil Procedure issue against *in rem* Defendant, M/T STOLT EFFORT, its tackle, furniture, and appurtenances and that all persons claiming any interest therein be compelled to appear and answer this Complaint;

iv. The Court, after due proceedings are had, enter judgment in favor of Plaintiff, International-Matex Tank Terminals, L.L.C. and against the M/T STOLT EFFORT, its tackle, furniture, and appurtenances, *in rem*, in the full amount of Plaintiff's damages, together with interests, costs, and attorney's fees; and

v. The Court award Plaintiff, International-Matex Tank Terminals, L.L.C., all general and equitable relief as the Court deems just and proper.

Respectfully submitted,

**DUNCAN & SEVIN, L.L.C.**

*/s/ Kelley A. Sevin*

_____
**ELTON F. DUNCAN, III, T.A. (LA 14967)**
**KELLEY A. SEVIN (LA 25871)**
400 Poydras Street, Suite 1200
New Orleans, LA  70130
Telephone: (504) 524-5566
Facsimile: (504) 524-9003
E-Mail: eduncan@duncansevin.com
E-Mail: ksevin@duncansevin.com
*Attorneys for Plaintiff, International-Matex Tank Terminals, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that I served the foregoing document and the notice of electronic filing by first-class mail, and/or facsimile, and/or electronic mail to any non-CM/ECF participants.

*/s/ Kelley A. Sevin*

_____